IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 29, 2020

**STATE OF TENNESSEE v. GARY WAYNE BUNCH**

**Appeal from the Criminal Court for Campbell County**
**No. 17356    E. Shayne Sexton, Judge**

_____

**No. E2019-00300-CCA-R3-CD**

_____

The Appellant, Gary Wayne Bunch, pled guilty to two counts of theft under $1,000. The trial court sentenced him to concurrent sentences of ten years for each offense, and he was placed on supervised probation. Upon finding that the Appellant violated the conditions of his probation, the trial court revoked the Appellant's probation and ordered him to serve his sentence in confinement. On appeal, the Appellant challenges the ruling of the trial court. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which J. ROSS DYER, J., joined. TIMOTHY L. EASTER, J., filed a concurring opinion.

Gerald L. Gulley, Jr., Knoxville, Tennessee, for the Appellant, Gary Wayne Bunch.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Jared Ralph Effler, District Attorney General; and Lindsey Cadle, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record reflects that on September 19, 2016, the Appellant pled guilty to two counts of theft under $1,000 and was sentenced as a Range III persistent offender to concurrent sentences of ten years for each offense and was ordered to pay $700 in restitution. The Appellant was ordered to serve seventy-three days in confinement, and the remainder of the sentence was to be served on supervised probation.

On February 28, 2017, a warrant was issued alleging that the Appellant had violated the terms of his probation by being arrested by the Rocky Top Police Department on February 14, 2017, for committing theft of property under $500 on January 18, 2017, and by failing to pay court costs, fees, and restitution. On April 27, 2017, an amended warrant was filed alleging that on or about April 12, 2017, the Appellant was arrested in Campbell County for criminal impersonation and resisting arrest.

On June 26, 2017, a probation revocation hearing was held. At the hearing, the trial court advised the Appellant that he had the right to counsel. Appellant waived his right to counsel and admitted the violations. The trial court revoked the Appellant's probation and ordered him to serve seventy-six days in jail before being returned to probation. The trial court further ordered the Appellant to complete an alcohol and drug assessment.

On December 21, 2017, a warrant was issued alleging that the Appellant had been arrested by the Knoxville Police Department on December 5, 2017, for driving under the influence (DUI) and that he had failed to report the arrest to his probation officer. On October 16, 2018, an amended warrant was filed alleging that on June 21, 2018, the Appellant was charged in Anderson County with failure to appear and that on August 14, 2018, the Appellant pled guilty to the offense. The warrant further alleged that the Appellant had failed to report to his probation officer since his release and that the Appellant was "considered to be absconded from probation and his [where]abouts [were] unknown." Finally, the warrant alleged that on September 13, 2018, the Appellant listed on his bond sheet an address which he had not reported to his probation officer.

At the probation violation hearing, the trial court advised the Appellant that he had the right to an attorney, but the Appellant signed a waiver of his right to counsel. The Appellant chose to plead guilty, admitting that he had violated the terms of his probation. The Appellant's probation officer told the trial court that on November 16, 2018, the Appellant pled guilty in Anderson County to an aggravated burglary which was committed on July 20, 2018. The probation officer said that the Appellant had also pled guilty in Anderson County to failure to appear.

The Appellant was granted permission to speak on his own behalf. The Appellant maintained that all of his problems stemmed from his "emotional issues," that he had never sought professional help, and that he wanted a chance to get professional help. The Appellant said that he hoped he "could maybe go to rehab or something like that." The trial court asked what the Appellant's convictions "have to do with rehab?" The Appellant replied, "It's all drug related, I guess, you know, addiction."

The probation officer explained that on September 19, 2016, the Appellant began serving his probation for the Campbell County theft convictions. In January 2017, he was arrested for another theft of property, and the case was still pending in Anderson County.

The Appellant stated, "This one that's pending, that was my first violation. I was appointed [counsel], and I was here 85 days. [Counsel] never bothered to come speak with me and didn't show up for Court. And so, I submitted to that violation, but this charge here, I am – I am totally innocent on these charges due to estate issues."

Upon questioning by the trial court, the Appellant acknowledged that he had pled guilty to burglary four months after he was released on probation. The Appellant stated, "Your Honor, if you'll give me another chance, I will not be back in this situation again, I promise you that." The trial court noted:

> You've been in this Court many, many times and you want one more last chance. That would be about five – that would be about five times, and we're still having the same behaviors. And couple that with a burglary while you're on probation, I'd be crazy to do it again. I'd be crazy.

The trial court revoked the Appellant's probation and ordered him to serve the balance of his original sentence in confinement. On appeal, the Appellant challenges this ruling.

## II. Analysis

Upon finding by a preponderance of the evidence that the Appellant has violated the terms of his probation, a trial court is authorized to order the Appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

The Appellant specifically complains that the trial court abused its discretion by failing to consider his request for alternative sentencing and by failing to request a validated risk and needs assessment prior to ordering him to serve his sentence in confinement. The Appellant contends that after he made the trial court aware that his failure to comply with

the terms of probation was due to his emotional and drug problems, the court was required to obtain the assessment. Tennessee Code Annotated section 40-35-311(f) provides that "[t]he court may consider the results of an offender's validated risk and needs assessment in determining the appropriate disposition of the probation violation charge and may request an updated validated risk and needs assessment be performed." Regarding the statute, this court has stated that, "the decision to consider the validated risk and needs assessment, as well as the decision to request an updated assessment, is discretionary." State v. Charles E. Mason, Jr., No. E2018-01310-CCA-R3-CD, 2019 WL 3992473, at *5 (Tenn. Crim. App. at Knoxville, Aug. 23, 2019). We conclude that the trial court did not abuse its discretion.

At the revocation hearing, the Appellant admitted that he had violated the terms of his probation. Accordingly, the trial court did not err by revoking the Appellant's probation. It was within the trial court's authority to order the Appellant to serve his original sentence upon revoking the Appellant's probation. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Moreover, "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362- CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). We conclude that the trial court did not abuse its discretion in revoking the Appellant's probation and ordering him to serve the balance of his sentence in confinement.

### III.  Conclusion

Finding no error, we affirm the judgment of the trial court.


_____
NORMA MCGEE OGLE, JUDGE

- 4 -